# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES, | ) 1:13cv01829 DLB PC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S <br> ) MOTIONS FOR RELIEF |
| vs. | ) (Documents 8, 9 and 11) |
| FRESNO COUNTY MEDICAL DEPT., et al., | ) |
| Defendants. | ) |

Plaintiff John Ray Dynes, a prisoner in the custody of the Fresno County Jail, is proceeding pro se and in forma pauperis[1] in this civil rights action. Plaintiff filed this action on November 13, 2013.[2] He names the Fresno County Medical Department, Fresno County Sheriff's Department and approximately seven officers as Defendants.

Concurrently with this order, the Court dismissed Plaintiff's complaint for failure to state a claim for which relief could be granted. Plaintiff was given thirty days (30) days to file an amended complaint in an attempt to cure the deficiencies.

---

[1] It appears that Plaintiff may have three strikes under 28 U.S.C. § 1915(g). However, based on the allegations in this action, Plaintiff appears to be in imminent danger of serious physical injury so as to exempt him from the prohibition of proceeding in forma pauperis.

[2] On November 21, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

On November 22, 2013, Plaintiff filed a motion seeking a Court order directing the Fresno County Medical Department to take him to a bone specialist and issue the correct pain medication. Also on November 22, 2013, Plaintiff filed a similar motion requesting that the Court direct Defendants to release him from disciplinary segregation. Finally, on November 26, 2013, Plaintiff filed a motion seeking a Court order directing the Fresno County Detention Librarian Staff to permit Plaintiff to use the law library.

The Court construes these motions as requests for injunctive relief.

**A.   LEGAL STANDARD**

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Further, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

B. **DISCUSSION**

   1. <u>No Operative Complaint</u>

In a separate order issued concurrently with this order, the Court dismissed Plaintiff's complaint with leave to amend. Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions. 18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 129 S.Ct. at 1149; <u>Mayfield</u>, 599 F.3d at 969.

   2. <u>Request for Medical Treatment</u>

Even assuming that the Court has jurisdiction to issue Plaintiff's requested relief, he has not met his burden as the moving party. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A mandatory preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." <u>Dahl v. Hem Pharmaceuticals Corp.</u>, 7 F.3d 1399, 1403 (9th Cir. 1993).

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does

not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

In his motion, Plaintiff requests that the Court order the Fresno County Medical Department to take him to an outside hospital so that he can be seen by "a real orthopedic bone specialist." Mot. 2. He also requests that the Court order that he be provided with the correct pain medication. Despite Plaintiff's opinions as to what the proper medical treatment is, there is no indication that Plaintiff is in immediate need of the treatment he seeks and is under significant threat of irreparable harm without the injunction. Thus, Plaintiff has not made the showing required to meet his burden as the party moving for preliminary injunctive relief.

3. <u>Release from Disciplinary Segregation and Use of Law Library</u>

If and when Plaintiff files an amended complaint, the Court's jurisdiction will be limited to the parties before it and to Plaintiff's claims arising from medical treatment. See e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v.

Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).

Accordingly, as Plaintiff may not file an amended complaint changing the nature of this action, any amended complaint will be limited to Plaintiff's allegations of deficient medical care and Defendants involved therein.  Plaintiff's claims relating to release from disciplinary segregation and his use of the law library are not related to his medical claims, the only claims conceivably before this Court upon amendment.  Therefore, the case or controversy requirement cannot be met and the Court lacks jurisdiction to issue the relief requested  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); see also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).

## C.    CONCLUSION AND ORDER

Based on the above, the Court recommends that Plaintiff's motions for injunctive relief be DENIED.

IT IS SO ORDERED.

Dated:   **December 17, 2013**             /s/ *Dennis L. Beck*
                                                                      UNITED STATES MAGISTRATE JUDGE