# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>          Plaintiff,<br><br>     vs.<br><br>FRESNO COUNTY MEDICAL DEPT., et al.,<br><br>          Defendants. | 1:13cv01829 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF<br><br>(Document 12) |

Plaintiff John Ray Dynes, a prisoner in the custody of the Fresno County Jail, is proceeding pro se and in forma pauperis[1] in this civil rights action. Plaintiff filed this action on November 13, 2013.[2] On December 17, 2013, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff has not yet filed an amended complaint.

On December 13, 2013, Plaintiff filed a motion seeking emergency medical treatment for his right hip and leg.

---

[1] It appears that Plaintiff may have three strikes under 28 U.S.C. § 1915(g). However, based on the allegations in this action, Plaintiff appears to be in imminent danger of serious physical injury so as to exempt him from the prohibition of proceeding in forma pauperis.

[2] On November 21, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

The Court construes these motions as requests for injunctive relief.

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted).  For each form of relief sought in federal court, Plaintiff must establish standing.  Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Further, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

There is no operative complaint in this action.  In a December 17, 2013, order, the Court dismissed Plaintiff's complaint with leave to amend.  Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this

action, the Court lacks jurisdiction to issue any preliminary injunctions.  18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. at 1149; Mayfield, 599 F.3d at 969.

  Moreover, as there is no operative complaint, any potential Defendants have not been served with process and are not subject to this Court's jurisdiction.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

  Based on the above, the Court recommends that Plaintiff's motion for injunctive relief be DENIED.

IT IS SO ORDERED.

  Dated:   **January 10, 2014**            /s/ *Dennis L. Beck*
                  UNITED STATES MAGISTRATE JUDGE